UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL BARCENAS TORUNO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-cv-104-RSH-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 7, 2026, petitioner Jose Manuel Barcenas Toruno filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On January 13, 2026, the Court provisionally appointed Federal Defenders of San Diego, Inc. ("FDSDI") to represent Petitioner. ECF No. 3. FDSDI accepted the representation, and on January 26, 2026 filed on behalf of Petitioner an Amended Petition. ECF No. 6. The Parties thereafter filed opposition and reply briefs on the merits. ECF Nos. 8, 9.

On February 13, 2026, the Court directed supplemental briefing. ECF No. 10. On February 25, 2026, Respondents filed their supplemental brief. ECF No. 11. Based on the briefing, the Court grants the Petition as set forth below.

//

//

## I.    BACKGROUND

Petitioner, a citizen of Nicaragua, first entered the United States on or about July 17, 2000. ECF No. 8 at 1. The Court will not undertake to summarize the entirety of Petitioner's immigration history in the absence of the underlying documents, but it seems clear that he has been ordered removed and has in fact been removed from the United States several times. The Parties agree that on August 14, 2023, an immigration judge granted Petitioner withholding of removal to Nicaragua. ECF No. 6 at 1; ECF No. 8 at 1. On September 12, 2023, Petitioner was released from immigration custody on an order of supervision, apparently based on an inability to effectuate his removal at that time. *See* ECF No. 8 at 1; ECF No. 6 at 1. On October 15, 2025, U.S. Immigration and Customs Enforcement ("ICE") rearrested Petitioner to effectuate his order of removal. ECF No. 6 at 1; ECF No. 8 at 1.

The Amended Petition contends that (1) DHS failed to comply with its own regulations in revoking Petitioner's order of supervision, warranting Petitioner's release from immigration custody; (2) there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future, such that his continued indefinite detention violates due process; and (3) DHS should be prohibited from removing Petitioner to a country other than Nicaragua, unless DHS provides Petitioner with adequate notice and an opportunity to be heard.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

The detention and release of noncitizens who are subject to a final order of removal is addressed by 8 U.S.C. § 1231. Under that statute, "when an alien is ordered removed,

26-cv-104-RSH-DEB

the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). The Parties agree that the federal regulations governing the revocation of Petitioner's order of supervision are 8 C.F.R. §§ 241.4 and 241.13. *See* ECF No. 6 at 7-10; ECF No. 8 at 7. Both regulations contain the identical procedural requirement that "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release []. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(*l*); 8 C.F.R. 241.13(i)(3). The Amended Petition challenges Respondents' compliance with this regulation. ECF No. 6 at 9.

In the Court's February 13, 2026 order directing supplemental briefing, the Court stated as follows:

> The briefing in this case presents a disputed issue of material fact: Whether, as required by 8 C.F.R. § 241.4(l)(1) and/or § 241.13(i)(3), Petitioner was "afforded an initial informal interview promptly after his … return" to custody, to allow him "an opportunity to respond to the reasons for revocation stated in the notification." Petitioner has submitted a declaration stating that he was not given an informal interview; and indeed, that he asked for one but was refused. ECF No. 6-1 ¶¶ 2, 4. Respondents have submitted a declaration from a deportation officer stating "Petitioner was provided with a[n] … informal interview" on the date of his arrest, with no further specificity regarding the interview. ECF No. 8-2 ¶ 22.

> It is not clear from the declaration whether that statement was within the personal knowledge of the declarant, or instead is an inference; and if the latter, the basis for such an inference. In the Court's view, neither the Notice of Revocation of Release (ECF No. 8-1 at 2) nor Petitioner's letter from approximately a month after his arrest (ECF No. 8-1 at 5–6), which Respondents cite as evidence in this regard, establish that such an interview was in fact provided.

> Both parties have taken the position that, regardless of whether Petitioner received such an interview, the Court can rule in that party's favor on various other grounds. Nonetheless, the Court would find further evidence on the question useful. Accordingly, the Court sets the following briefing schedule:
>
> … No later than February 27, 2026, Respondents may file a supplemental brief[] providing additional evidence regarding the informal interview, including setting forth the basis for the declarant deportation officer's statement. If Respondents decline to do so, the Court will construe the statement at issue in the declaration to be an unsupported conclusion or inference rather than a statement within the declarant's personal knowledge.

ECF No. 10 at 1-2. On February 25, 2026, Respondents timely filed a second declaration from the same deportation officer. ECF No. 11-1. The second declaration states, just as the first one did, that Petitioner was provided with an informal interview on October 15, 2025, the date of his arrest. ECF No. 8-2 ¶ 22; ECF No. 11-1 ¶ 4. However, the second declaration does not address any of the questions the Court previously posed. The second declaration does not address whether the officer's statement—that Petitioner received an informal interview—was within the personal knowledge of the declarant, or instead was an inference; and if the latter, the basis for such an inference. The new declaration provides no further information about the purported interview. Nor is it accompanied by other documents that would address those questions. The new declaration describes communications between ICE and Petitioner's counsel that took place the following month; this factual material, however, does not bear upon whether, as required by regulations, Petitioner was "afforded an initial informal interview promptly after his or her return to Service custody."

As indicated by the Court's February 13, 2026 order, in the absence of additional factual support, the Court construes the deportation officer's statement—that Petitioner received an informal interview—as an unsupported conclusion. The Court has no alternative but to credit Petitioner's own sworn statement, uncontradicted by evidence, that

26-cv-104-RSH-DEB

he did not receive such an interview. The Court further concludes based on the record presented that ICE failed to provide "an initial informal interview promptly after [Petitioner's] return to Service custody."

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA, 2025 WL 2430267, at *10 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court reaches the same conclusion here.

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to release petitioner Jose Manuel Barcenas Toruno from custody ***within one (1) day of the date of this Order***. The Court declines to issue further injunctive relief, and this Order does not restrain or enjoin Respondents from taking any and all lawful steps to effectuate Petitioner's removal, including releasing Petitioner on an order of supervision containing appropriate terms.

**IT IS SO ORDERED**.

Dated: February 26, 2026

_Robert S Huie_

Hon. Robert S. Huie
United States District Judge

26-cv-104-RSH-DEB